UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN BYERLY,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF IDAHO; ADA COUNTY; IDAHO BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; ADA COUNTY PUBLIC DEFENDER; NEIL PRICE; and JOHN DOE HOAGLAND,<br><br>                Respondents. | Case No. 1:21-cv-00048-BLW<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Nathan Byerly is a prisoner in the custody of the Idaho Department of Correction. Petitioner has filed a Petition for Writ of Habeas Corpus that appears to challenge pending state court criminal charges against Petitioner for battery on a correctional officer. *See* Dkt. 1 at 1–3. Because Petitioner seems to be contesting his ongoing state criminal proceedings, the Court construes the Petition under 28 U.S.C. § 2241.[1]

---

[1] The Court's construction of the Petition as challenging an ongoing criminal proceeding, rather than a criminal conviction, is based on the following: (1) Petitioner's discussion of an October 29, 2020 state court hearing that "was scheduled … for entry of plea," but that Petitioner was unable to attend; (2) the Petition's failure to clearly state whether Petitioner has appealed any conviction; (3) Petitioner's claim that the state has "faile[d] to prosecute in a timely manner"; and (4) Petitioner's request that the Court "dismiss" the state criminal case against him. *See* Dkt. 1 at 3–4, 23. If the Court's construction is incorrect and Plaintiff has actually been convicted of the battery charge, he must file any amended petition under 28 U.S.C. § 2254, not § 2241. Form petitions are available at the prison resource center.

INITIAL REVIEW ORDER - 1

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Habeas Rule 4.

## REVIEW OF PETITION

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for writ of habeas corpus in federal court. "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an

ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden*, 626 F.2d at 83.

This exhaustion rule has a very limited exception with respect to pretrial habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies "only in the most unusual circumstances"—that is, if a petitioner can show "special circumstances" that particularly warrant federal intervention. *Id*. at 83-84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. Though alleged constitutional violations are of utmost concern to the federal district courts, the state courts must be given the first opportunity to correct constitutional violations, so as to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and ... may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes."

*Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

The Petition here does not establish the type of special circumstances that would warrant pretrial habeas relief.[2] Within 28 days after entry of this Order, Petitioner may attempt to show such circumstances by filing an amended petition.

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner may file an amended petition setting forth the reasons why Petitioner believes this habeas corpus case is not subject to dismissal.

2. If Petitioner does not file an amended petition, or if the amended petition does not plausibly allege special circumstances sufficient to warrant a pretrial writ, this case may be dismissed without further notice.

DATED: March 18, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] Some of Petitioner's claims appear subject to summary dismissal for the additional reason that they challenge the conditions of Petitioner's confinement. The remedy for the violations asserted in such claims would not be an immediate or speedier release from confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities. Because such claims "do[] not lie at the core of habeas corpus," these claims "may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted). If Petitioner intends to assert conditions-of-confinement claims that do not call into question the very fact or duration of Petitioner's confinement, he may file a separate civil rights lawsuit under 42 U.S.C. § 1983.